NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

**JUL 1 2026**

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATT WRIGHT, | No. 25-3831 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-01326-BJR |
| v. | |
| STATE OF WASHINGTON; WASHINGTON DEPARTMENT OF CORRECTIONS; CHRISTINE GOMES; TRACI DRAKE; DAVID CHRISTENSEN; CAROL SMITH; LOUISE STEMLER; JASON MARTIN; JASON RICHER; ALEX COSTA; RISA KLEMME; NIKKI RYMER; DOES 1-5, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Argued and Submitted June 11, 2026
Seattle, Washington

Before: M. SMITH and TUNG, Circuit Judges, and HINDERAKER, District
Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John Charles Hinderaker, United States District Judge
for the District of Arizona, sitting by designation.

Washington state prisoner Matthew Wright ("Plaintiff") sued the State of Washington, Washington Department of Corrections (DOC), and individual DOC employees ("Defendants") over their refusal to provide certain requested mental health treatment, their consideration of transferring him to a different facility, and their decision to restrict his ability to file grievances. Plaintiff brought First Amendment retaliation claims, claims under the Americans with Disabilities Act and the Rehabilitation Act, and negligence claims. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the district court's decision to grant summary judgment for Defendants. *See Soc. Techs. LLC v. Apple Inc.*, 4 F.4th 811, 816 (9th Cir. 2021). We affirm.

1.     The district court properly granted summary judgment for Defendants on qualified-immunity grounds with respect to Plaintiff's First Amendment retaliation claims. "Government officials enjoy qualified immunity from suit under [18 U.S.C.] § 1983 unless their conduct violates clearly established law." *Zorn v. Linton*, 146 S. Ct. 926, 930 (2026). "The relevant precedent must define the right with a high degree of specificity, so that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Id.* (quotations omitted). A viable claim of retaliation entails: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights,

and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). Plaintiff's claim fails on the third prong. There is no law clearly establishing that Plaintiff's duplicative and frivolous grievances constituted "protected conduct." *See Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015) ("Prisoners' grievances, unless frivolous . . . , concerning the conditions in which they are being confined are deemed petitions for redress of grievances and thus are protected by the First Amendment" (quoting *Hasan v. U.S. Dep't of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009))).

2. The district court also properly denied Plaintiff's claims under the Americans with Disabilities Act and the Rehabilitation Act. Plaintiff was not denied a reasonable accommodation for his reading difficulties. "The question whether a particular accommodation is reasonable depends on the individual circumstances of each case and requires a fact-specific, individualized analysis of the disabled individual's circumstances and the accommodations that might allow him to meet the program's standards." *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002) (quotations omitted). Plaintiff argues that the DOC provided him PTSD workbooks outside of his reading level. Yet Plaintiff is documented as having read his original workbook on multiple occasions and even finding it helpful. *See, e.g.*, 6-ER-889 ("He reported that he started the PTSD workbook over. . . . He explained that

reading through the symptoms of PTSD triggered several unwanted memories."); 6-ER-890 ("He reported that he has been reading his PTSD workbook quite a bit . . . ."); 6-ER-906 ("He reported that he found the information on pg. 157 of The PTSD Workbook[] 3rd Edition to be helpful . . . ."). Even assuming, however, that Plaintiff did struggle to read the original workbook, Defendants provided a reasonable accommodation: a new workbook that fit his reading level. *See* 6-ER-957. Plaintiff alleges that Defendants were required to provide him with a reading assistant who could discuss his confidential medical health records. But the DOC Appeals Board only granted Plaintiff permission to participate in their ADA access assistant program, which provides for another incarcerated individual to aid in reading callouts, course material, and other nonconfidential items. *See, e.g.*, 6-ER-1034. And DOC staff complied with the Appeals Board's decision. 4-ER-529. Because Plaintiff fails to prove a violation of the Americans with Disabilities Act, he also fails on his Rehabilitation Act claim. *Mayfield v. City of Mesa*, 131 F.4th 1100, 1109 (9th Cir. 2025).

3.      Finally, the district court properly denied Plaintiff's negligence claims. Washington law recognizes a duty for officials "to consider what is the safest and most *humane* for the prisoners." *In re Williams*, 198 Wash. 2d 342, 359 (2021) (en banc) (emphasis in original) (quotation omitted). But whether Defendants had a specific duty to avoid considering Plaintiff's transfer or to provide Plaintiff with his

requested medical care is a question of law that requires courts to consider the appropriate standard of care. *See Keller v. City of Spokane*, 146 Wash. 2d 237, 243 (2002) (en banc) (whether a defendant "owes a duty in a particular situation is a question of law."); *Gall v. McDonald Indus.*, 84 Wash. App. 194, 202 (1996). Plaintiff failed to present any evidence—including medical expert testimony—establishing the applicable standard of care he alleges Defendants have breached.

Plaintiff argues Washington law does not require parties to provide expert testimony in a medical malpractice case if the practice of a professional is such a "gross deviation from ordinary care that a lay person could easily recognize it." *Petersen v. State*, 100 Wash. 2d 421, 437 (1983) (en banc) *superseded by statute on other grounds*, Wash. Rev. Code § 5.60.060(4)(b), *as recognized in Magney v. Truc Pham*, 195 Wash. 2d 795, 808, 812 (2020) (en banc). But Plaintiff fails to establish a genuine dispute of material fact as to whether a reasonable person could "easily recognize" Defendants' actions as "a gross deviation from ordinary care."

**AFFIRMED.**